**\*E-Filed 03/16/2010\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KATHY BRIGGS & MICHAEL E. BRIGGS,

    Plaintiffs,

  v.

FIRST NATIONAL LENDING SERVICES; PRIME MORTGAGE FUNDING; AURORA LOAN SERVICES; CAL-WESTERN RECONVEYANCE CORPORATION; and DOES 1 through 100,

    Defendants.

No. C 10-00267 RS

**ORDER OF REMAND**

Defendant Aurora Loan Services (Aurora) removed this case following the filing of a complaint by plaintiffs Kathy and Michael Briggs in Santa Clara Superior Court. Plaintiffs now request that the case be remanded to state court. Because Aurora has not met its burden of proving that the complaint necessarily raises a federal issue that is actually disputed and substantial, the motion to remand is granted. This matter is appropriate for resolution without oral argument, pursuant to Civil Local Rule 7-1(b).

## I. BACKGROUND

Plaintiffs filed a complaint in Santa Clara Superior Court in January 2010, accusing Aurora of numerous wrongs arising out of plaintiffs' mortgage loan transaction. In addition to Aurora, First National Lending Services (First National), Prime Mortgage Funding (Prime Mortgage), and Cal-Western Reconveyance Corporation were also named as defendants, but were never served.[1] The complaint alleges the following facts. Plaintiffs are owners of a residence located at 6110 Heather Creek Way, San Jose, California 95123. In January 2006, they filed an application to refinance their home by means of an adjustable rate mortgage (ARM) loan agreement with First National.[2] The loan application was filled out on plaintiffs' behalf by an individual named Richard Valle, a Prime Mortgage employee, following a telephone interview with plaintiffs.

Plaintiffs claim that Prime Mortgage failed to disclose the loan terms completely, actively misrepresented the facts that led plaintiffs to believe the new loan was in their best interest, and "railroaded" them into refinancing their mortgage. They further allege that, in return for recruiting plaintiffs, First National paid Prime Mortgage a Yield Spread Premium ("YSP") in the amount of $19,000—an undisclosed "kickback" payment that was incorporated into plaintiffs' loan, increasing their monthly payments over the life of the loan. Based on these facts, the complaint alleges 18 causes of action, including, among others, fraud, unjust enrichment, and violations of California's unfair competition law.

Aurora removed the case to this Court on January 20, 2010, claiming that the complaint asserts claims arising under federal law, specifically the Real Estate Settlement Procedures Act, 12

---

[1] Ordinarily, for removal to be proper, all defendants must join or consent in the petition for removal. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998). Courts make an exception to this rule, however, if the non-joined defendant was not served in the state court action. *Parker v. California*, No. C-98-4844 MHP, 1999 WL 111889, at * 2 (N.D. Cal. Feb. 26, 1999). Moreover, failure to join is a procedural defect and is waivable. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). Here, Aurora represents in its notice of removal that it was the only defendant who had been served at the state court level, and plaintiffs have not contested this assertion. Accordingly, Aurora's failure to join the other defendants does not affect the disposition of the instant motion.

[2] Plaintiffs allege, on information and belief, that First National later sold the loan to Aurora.

No. C 10-00267 RS
ORDER

2

U.S.C. §§ 2601 *et seq.*, (RESPA), and the Truth in Lending Act, 15 U.S.C. §§ 1601–1666j, (TILA). Plaintiffs have now moved to remand, asserting that although the complaint "mentions" violations of federal law "in passing," the lawsuit, taken as a whole, arises exclusively under state law.

## II. LEGAL STANDARDS

### A. Removal

A defendant may remove to federal court "any civil action brought in a State court of which the district courts . . . have original jurisdiction." 28 U.S.C. § 1441(a). Removal, therefore, is only proper when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). "The removal statute is strictly construed against removal jurisdiction [and][t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

### B. Federal Question Jurisdiction

Aurora argues federal question jurisdiction supports its removal of this action. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (quoting *Audette v. Int'l Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999)). "Under that rule, [a court] must look to 'what necessarily appears in the plaintiff's statement of his [or her] own claim . . . , unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.'" *Id.* at 1014-15 (quoting *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 841 (1999) (second alteration original)). "In addition, the plaintiff is the 'master' of her case, and if she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only state claims, and defeat removal." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

It is undisputed that, in this case, the face of plaintiffs' complaint does not allege a claim arising exclusively under federal law.  Nonetheless, "[u]nder the artful pleading doctrine, a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.  The artful pleading doctrine allows courts to delve beyond the face of the state court complaint and find federal question jurisdiction by recharacterizing a plaintiff's state-law claim as a federal claim." *Lippit v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003).  The artful pleading doctrine applies to "(1) complete preemption cases, and (2) substantial federal question cases.  Subsumed within this second category are those cases where the claim is necessarily federal in character or where the right to relief depends on the resolution of a substantial, disputed federal question." *Id.* (citations omitted).

A state law cause of action "arises under" federal law and confers federal question jurisdiction when it "necessarily raise[s] a stated federal issue [that is] actually disputed and substantial." *Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "[F]ederal law [must do] . . . more than just shape a court's interpretation of state law; the federal law must be *at issue*" in the plaintiff's claim. *Int'l Union of Operating Eng'rs v. County of Plumas*, 559 F.3d 1041, 1045 (9th Cir. 2009) (emphasis in original).

## III.  ANALYSIS

Aurora raises two arguments as to why removal of this case is proper.  First, it contends that plaintiffs' fourth claim for relief, which purports to be based on California's unfair competition law (UCL), actually arises under TILA.  Generally, California's UCL statutory scheme prohibits any unlawful, unfair, or fraudulent business practice. Cal. Bus. & Prof. Code § 17200.  Aurora points out that the fourth claim specifically recites TILA and its enforcing regulation, Regulation Z, 12 C.F.R. § 226.1, as the basis for the UCL claim.  Aurora contends that "[i]t is difficult to see how the Court could determine any defendants violated the UCL by running afoul of TILA without deciding in the first instance whether any TILA violations occurred."

Aurora is correct that the UCL claim is based on an alleged TILA violation.  Aurora, however, overlooks the fact that the complaint also lists § 10130 of the California Business and

1  Professions Code (governing necessity of license) as an alternate basis for the UCL claim.  Other
2  state statutes listed in the same sentence as alternate bases include California Civil Code §§ 1709
3  (fraudulent deceit), 1710 (deceit), 1711 (deceit to defraud the public), 1770 (unfair or deceptive acts
4  or practices), 1920 (requirements of a mortgage instrument), and 1921 (providing prospective
5  borrowers with publications on ARMs).

6  It is well-established in the Ninth Circuit that "[w]hen a claim can be supported by
7  alternative and independent theories—one of which is a state law theory and one of which is a
8  federal law theory—federal question jurisdiction does not attach because federal law is not a
9  necessary element of the claim."  *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).
10 Here, since the complaint's UCL claim is supported by numerous theories of recovery under
11 California law, the alleged violation of TILA is not considered a necessary element under *Rains*.
12 Aurora's first argument is therefore unpersuasive.

13 Aurora's second argument is based on ¶ 10 of the complaint, which states:  "As a result of
14 their mortgage activities, Defendants and each of them are and were subject to and must comply
15 with" TILA and RESPA and their respective enabling regulations.  Since the sections that follow
16 invariably begin by stating that all preceding paragraphs of the complaint are incorporated as though
17 fully set forth herein, Aurora contends that each of the 18 claims includes ¶10 and therefore
18 necessarily arises under federal law.  This argument was expressly rejected in *Martinez ex rel.*
19 *Morales v. City of Fairfield*, 2008 WL 3544755, at *2 (E.D. Cal. Aug. 13, 2008).  In *Martinez*, the
20 third paragraph of the removed complaint cited the United States Constitution and was incorporated
21 by reference into the rest of the complaint.  The defendant argued that this incorporation caused
22 certain other disputed claims, the sixth and seventh claims, to arise under federal law—even though
23 the sixth and seventh claims themselves did not reference any such law.  The court, citing *Rains*,
24 disagreed, noting that the sixth and seventh claims contained alternate theories based on state law
25 alone, and therefore even if those claims could be characterized as federal constitutional claims, they
26 also constituted state law claims, "and thus do not *necessarily* arise under federal law."  *Id.*
27 (emphasis added).

28

NO. C 10-00267 RS
ORDER

5

Similarly, here, the 18 claims incorporate ¶ 10, but also contain alternate theories of recovery under state law alone.  For example, several claims are based on state contract law, such as Claim 2 (breach of the covenant of good faith and fair dealing), Claim 5 (promissory estoppel) , and Claim 8 (unjust enrichment).  Others are based on specific California statutes, such as Claim 3 (statutory deceit) and Claim 11(Rosenthal Act).  For this reason, Aurora's second argument in favor of removal is also unpersuasive.  As Aurora has offered no other arguments that will help meet its burden of proving that removal was proper, plaintiffs' motion for remand is granted.

In their motion to remand, plaintiffs also request sanctions in the form of attorney fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  As the Supreme Court has instructed, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Here, Aurora has advanced an "objectively reasonable" basis for federal jurisdiction by relying on plaintiffs' own recitations of federal statutes in the complaint.  Therefore the request for attorney fees is denied.

IT IS SO ORDERED.

Dated: 03/16/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 10-00267 RS
ORDER

6